# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAWRENCE AMICH,

        Plaintiff,

v.                                                      Case No. 10-CV-105

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,
and WALGREEN INCOME PROTECTION PLAN
FOR PHARMACISTS AND REGISTERED NURSES,

        Defendants.

## ORDER

On July 7, 2010, plaintiff Lawrence Amich ("Amich") filed a Motion for Leave to File Amended Complaint (Docket #38) seeking to file a second amended complaint. This motion follows from a complaint (Docket #1) and first amended complaint (Docket #12-1) filed by Amich on February 8, 2010, and March 30, 2010 respectively.

Amich's present motion and proposed amended complaint would add a third defendant, Director of Risk Management and Benefits Accounting ("Plan Administrator"). The Plan Administrator is allegedly the plan administrator for defendant Walgreen Income Protection Plan for Pharmacists and Registered Nurses ("the Plan"). Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") is the claims administrator for the Plan. Both current defendants oppose the motion on the grounds that Amich has not shown good cause to amend the scheduling

order, nor has he satisfied the general standard for securing leave to amend. Defendants are correct on both points and the court will deny the motion.

## BACKGROUND

Amich's complaints, including the most recent proposed amendment, allege two violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The first claims a violation of § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), through refusal to provide Amich disability benefits. The second claim alleges a violation of § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), through improper refusal to provide documents relevant to denial of Amich's claim for disability benefits. Amich's original complaint named Sedgwick and Walgreen Co., Amich's employer, as defendants. After Amich filed his original complaint, defendants filed a Joint Answer (Docket #7) on March 23, 2010, coupled with a Motion to Dismiss (Docket #8). Defendants' answer asserted as a defense that Amich had "failed to name and join one or more necessary and/or indispensable parties." (Defs.' Joint Answer at 31, ¶ 2). In their motion to dismiss, defendants asserted that the only proper defendant to Amich's first claim was the Plan, not Sedgwick or Walgreen Co. In response, the parties stipulated to the filing of Amich's first amended complaint which dropped Walgreen Co. and replaced it with the Plan as the second defendant. The alleged violations remained the same.

On April 2, 2010, Amich moved for summary judgment (Docket #17). Later, on May 4, 2010, the parties filed with the court their Joint Report (Docket #23)

pursuant to Federal Rule of Civil Procedure 26(f), and the court subsequently issued a Scheduling Order (Docket #24) on May 11, 2010. That order, based upon the agreement of the parties in the Joint Report, set May 14, 2010, as the deadline to amend pleadings and add parties. After the deadline, on May 17, 2010, defendants filed their Brief in Opposition (Docket #25) to Amich's motion for summary judgment. In that brief, defendants for the first time argue that only a plan administrator may be liable for Amich's second claim, under § 1132(c)(1)(B), and that neither defendant is in fact a plan administrator within the meaning of ERISA. It is in response to this argument that Amich now seeks to amend his complaint by the addition of the Plan Administrator as a defendant.

After defendants had filed their brief in opposition, Amich filed a Reply Brief (Docket #30) on June 2, 2010,[1] in which he did not address the issue of proper defendants. On June 4, 2010, defendants filed a competing motion for summary judgment (Docket #33) accompanied by a supporting brief (Docket #34) in which it asserted essentially the same point as in its opposing brief, that only a plan administrator could be liable under § 1132(c)(1)(B), and neither defendant was a plan administrator. On July 6, 2010, Amich filed a response brief (Docket #36) addressing defendants' claims that the Plan Administrator was the proper defendant, and on July 7, 2010, Amich filed the motion to amend now before the court.

---

[1] The court notes that, despite defendants' assertion that Amich's Reply Brief was late, it was in fact timely according to Federal Rules of Civil Procedure 6(d) and 5(b)(2)(E).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, a party may amend its pleading upon receiving leave of the court, to be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). However, "[t]o amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing Fed. R. Civ. P. 16(b)). That standard "primarily considers the diligence of the party seeking amendment." *Id.* (internal quotation omitted). Failure to timely amend a complaint, despite awareness of the underlying facts, may show a lack of diligence. *See id.* Even under the Rule 16 standard, leave to amend remains discretionary with the district court. *See id.* (reviewing for abuse of discretion).

## ANALYSIS

Defendants primarily argue that Amich has failed to show good cause to amend his complaint under Rule 16, arguing that case law and the plan documents made explicit the correct party to sue. Additionally, defendants assert that, their first argument aside, Amich fails to establish good cause by failing to otherwise explain his delay in filing to amend or inability to meet the amendment deadline set by the court. Further, defendants assert that, regardless of Amich's ability to meet the Rule 16 standard, his motion should be denied under the Rule 15 standard. Amich disputes each of these points, and also asserts that Wisconsin law providing for

correction of misnomers and misdescriptions permits the amendment. Per the following discussion, the court finds Amich was not diligent in seeking to amend his complaint after he was explicitly alerted to the issue by defendants' brief and, that in any event, his proposed complaint would fail to state a claim and amendment would thus be futile under Rule 15. Amich's appeal to Wisconsin law has no application here and, as such, the court is obliged to deny the motion.

I.  **RULE SIXTEEN**

In seeking leave to amend, Amich urges that, though the summary plan document labels the plan administrator as Director of Risk Management and Benefits Accounting, that document is unclear as to which defendant might be liable under § 1132(c) because the document also describes Sedgwick as sharing similar discretionary authority with the Plan Administrator. Defendants, on the other hand, assert that Amich's claim to a lack of clarity in the summary plan document is insufficient to establish good cause. Defendants further argue that Amich has not otherwise shown good cause, giving no explanation for delay and making no showing that he was unable, despite his diligence, to comply with the Scheduling Order's timetable.

Amich's argument that the summary plan document is unclear as to who might be liable is not insufficient to show good cause. As both parties note, the plan language states:

> The Claim Administrator and the Plan Administrator will apply their judgment to claims and appeals in a manner that they deem to be consistent with the Plan and any rules, regulations or prior interpretations of the Plan. The Claim Administrator and the Plan Administrator will make their decisions in a manner that they believe will apply the Plan consistently to similarly situated participants.
>
> The authority granted to the Claim Administrator and the Plan Administrator to construe and interpret the Plan and make benefit determinations, including claims and appeals determinations, shall be exercised by them (or persons acting under their supervision) as they deem appropriate in their sole discretion. Benefits under this plan will be paid or provided to you only if the Claim Administrator or the Plan Administrator, as the case may be, decides in its discretion that you are entitled to them.

(Aff. of Alan Olson Ex. 1 at 21) (Docket #19-1). Defendants point to Seventh Circuit precedent holding that "liability under section 1132(c)(1) is confined to the plan administrator and [we] have rejected the contention that other parties, including claims administrators, can be held liable for the failure to supply participants with the plan documents they seek." *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009). They then argue that, as a result, shared discretionary authority cannot support a claim of confusion over which party was the plan administrator.

However, § 1132(c)(1) creates a penalty for "[a]ny administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary." 29 U.S.C. § 1132(c)(1). Section 1024(b)(4) provides that "[t]he administrator shall, upon written request . . . furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement,

contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). The *Mondry* court pointed out that "administrator" is defined as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(I). *Mondry* dealt specifically with the issue of whether a claims administrator could be held liable for failing to provide *plan documents* pursuant to 29 U.S.C. § 1024(b)(4). 557 F.3d at 794. As such, the Seventh Circuit's conclusion fits together logically in that a plan administrator, who is responsible for and controls plan documents, is the administrator in question with regard to providing plan documents. Thus, a refusal or failure to provide *plan documents* triggers liability only as to a plan administrator. But here, Amich alleges that an administrator failed to provide documents relevant to *claim denial*. By regulation, claims procedures must "[p]rovide that a claimant shall be provided, upon request . . . reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). This regulation has been enacted to carry out the purposes of the subchapter.[2] At the same time, § 1132(c)(1) creates penalties for an administrator – defined as the "person so specifically designated" under the plan; thus, it is conceivable that a claim administrator might be liable for failure to furnish documents relevant only to an aspect of the plan which it actively controls and administers. As

---

[2] *See* 29 U.S.C. § 1135.

such, the court does not find *Mondry* sufficient to negate Amich's claim that the plan is unclear as to which party may be liable for the particular violation he alleges.

As to defendants' assertions that Amich failed to explain his delay in filing for amendment or inability to meet the Scheduling Order's timetable, the court first notes that, though Amich did not file within the time frame set by the Scheduling Order, defendants did not draw Amich's attention to the issue in the clear and obvious manner that their briefing asserts. Defendants made only a passing reference to Amich's failure to join a necessary or indispensable party and then asserted in their motion to dismiss that the Plan was the only proper defendant as to Amich's first claim. It would appear that any issue as to including the proper party was then settled, it being possible that defendants, let alone Amich, did not even realize the issue at hand was present at that time. Defendants' next reference to a missing party did not occur until the Scheduling Order's deadline to amend had passed, thereby foreclosing defendants' argument that Amich was alerted to the issue by defendants, yet failed to make an amendment prior to the deadline.

However, there still remains an issue as to Amich's diligence, both pre-deadline, in the sense of independently ensuring that the correct parties were joined, as well as post-deadline, after defendants' brief in opposition to his summary judgment motion made the issue clear. Given the court's previous discussion accepting the possibility of real confusion as to the proper administrator to sue, the

court is not inclined to find that Amich failed to be diligent prior to defendants' actual raising of the issue after the deadline to amend had passed.

But regardless of Amich's pre-deadline conduct, the court does not find Amich was diligent in amending after learning that he may have sued the wrong party. This court has previously found a delay of six months beyond the scheduling order deadline to be lacking in diligence where the plaintiff made no attempt to amend until after the defendants filed motions to dismiss. *Alioto v. Town of Lisbon*, 2009 WL 3757005, at *2 (E.D. Wis. 2009). The Seventh Circuit has found a delay of nine months to be non-diligent. *Trustmark Ins. Co.*, 424 F.3d at 553. In another case, the Northern District of Illinois found non-diligent a fifty-six-day delay in filing for amendment, in light of admitting to knowledge of the claim sought to be added since "the beginning of the case." *Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 689-90 (N.D. Ill. 2009). Here, Amich became aware of the underlying facts on May 17, 2010, when defendants filed their brief in opposition to Amich's motion for summary judgment. He then filed his motion to amend the complaint on July 7, 2010. That is a fifty-one-day delay. Under other circumstances, such a delay might still fall within the realm of diligence, but, upon inspection, Amich's proposed amended complaint is essentially identical other than the addition of the Plan Administrator as a party, one insertion of the Plan Administrator's name in paragraph 93, and changing "Sedgwick" to "Defendants" in the final eight paragraphs prior to the claims for relief. (Pl.'s Mot. for Leave to File Am. Compl. Ex. 1) (Docket #38-1).

This is not the type of amendment that requires fifty-one days to draft, particularly in light of a lack of any other sufficient explanation.³ As such, the court finds Amich was not sufficiently diligent to support a showing of good cause necessary for this court to grant his motion.

## II. RULE FIFTEEN

Even were the court to find that Amich established good cause for amendment, his motion would nevertheless fail on account of futility. Under Rule 15, district courts have "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Specifically, amendment is futile where the proposed complaint would fail to state a claim upon which relief could be granted. *Gen. Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

Amich's second claim, consistent between amended complaints, is for refusal to provide documents. (Am. Compl. ¶ 92) (Docket #12-1); (Pl.'s Mot. for Leave to File Am. Compl. Ex. 1). That claim invokes § 502(c)(1)(B) of ERISA, which provides for the imposition of statutory penalties where "[a]ny administrator . . . fails or refuses to comply with a request for any information which such administrator is required by

---

³Amich does argue that his delay was only thirty-nine business days and that counsel also researched, drafted, and filed his brief in opposition to defendants' motion for summary judgment during that time. While the court appreciates the need to ensure other briefing was timely, that explanation is not sufficient in light of the simple nature of the proffered amendment.

this subchapter to furnish to a participant or beneficiary." 29 U.S.C. § 1132(c)(1)(B). Yet Amich's proposed amended complaint contains no new factual allegations whatsoever to support such a claim against the Plan Administrator. As noted above, Amich merely added a description of the Plan Administrator as a party, inserted its name in the claim for relief in paragraph 93, and changed "Sedgwick" to "Defendants" in the final eight paragraphs preceding his claims. As regards paragraph 93, the insertion merely results in an assertion that "allegations of this Amended Complaint raise violations of ERISA §502(c)(1)(B) . . . regarding the improper refusal of . . . the [Plan Administrator] to provide Mr. Amich all of the documents relevant to its denial of his claim for disability benefits under the Plan." (Pl.'s Mot. for Leave to File Am. Compl. Ex. 1, at ¶ 93). This is a legal conclusion and does not itself allege facts sufficient to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (legal conclusions not entitled to presumption of truth); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("labels and conclusions" and "a formulaic recitation of the elements" insufficient to state a claim for relief). The same is true of the final eight paragraphs prior to the claims. By changing "Sedgwick" to "Defendants," Amich has, at best, alleged that the Plan Administrator: "failed to provide a detailed explanation" as to rejecting specific evidence; "failed to provide a description" of additional or necessary information for perfecting his claim; "failed to provide an explanation" as to the necessity of any additional information; was "unable to describe" certain duties of Amich's position at Walgreens; "ignored

clear medical evidence" in denying the claim; acted arbitrarily and capriciously; caused Amich to suffer the loss of benefits and incur expenses; and that its actions should be reviewed *de novo*. (Pl.'s Mot. for Leave to File Am. Compl. Ex. 1, at ¶¶ 84-91). Some of these allegations are merely legal conclusions or unrelated to the claimed violation. Others, specifically the alleged failures, do not actually allege that Amich ever made a request for documents from the Plan Administrator and further do not allege that the Plan Administrator ever failed or refused to comply with such requests. Thus, the proposed amended complaint would fail to state a claim for relief against the Plan Administrator, making the requested amendment futile. As such, the court may also deny the motion on the basis of Rule 15(a).

### III. WISCONSIN LAW

Finally, Amich also argues that his motion finds support in the Wisconsin rule that misnomer or misdescription may be corrected by amendment at any time. The rule to which Amich cites holds that "if the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, or even where there is room for doubt as to identity, if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage of the suit." *Hoesley v. La Crosse VFW Chapter*, 175 N.W.2d 214, 215 (Wis. 1970). To the extent that rule would even have application here, it is not satisfied, as the naming of the claims administrator as opposed to the plan administrator falls far outside the purpose and meaning of the rule. That rule is typically used to ensure

small technicalities do not subvert the proper application of justice. In fact, as the Wisconsin Supreme Court noted in affirming denial of the appellant's motion to dismiss for improper service of process, the amendment in that case would not have had the effect of bringing in additional parties. *Id.* at 215-16. Here, we have no simple misspelling or other form of accident or oversight, but rather a deliberate naming of one party, and the objective absence of another party. In summary, this court finds that Amich has not shown sufficient diligence to satisfy the Rule 16 good cause standard, and, in any event, the amendment would be futile and thus well within the court's discretion to deny under Rule 15. Therefore, the court will deny the motion to amend the complaint.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Leave to File Amended Complaint (Docket #38) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of November, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge